Jason R. Naess, ISBN 8407
Assistant United States Trustee
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>THE LEED CORPORATION<br><br>Debtor. | Case No. 20-40984-JDP<br><br>Chapter 11   (Subchapter V) |

### ACTING UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR APPLICATION TO APPROVE EMPLOYMENT OF ATTORNEY (AARON J. TOLSON) (Docket no. 9)

Acting United States Trustee Gregory M. Garvin, through his counsel, ("United States Trustee"), objects to Debtor's application to employ Aaron J. Tolson, of Tolson & Wayment, PLLC for the reasons set forth below.

### Background

1. Debtor filed the underlying voluntary chapter 11 petition on December 31, 2020. (Dkt. No. 1). Debtor requested a subchapter V small business designation. On the same date, Debtor also filed the Motion for Application to Approve Employment of Attorney ("*Employment Application*" Dkt. No. 9), Disclosure of Compensation of Attorney for Debtor ("*Disclosure of Compensation*" Dkt. No. 7), and a supplement to the application including a Fee Agreement ("*Fee Agreement*" Dkt. No. 8). The *Employment Application* also includes an Affidavit in

1

Support of Application to Approve Employment of Attorney ("*Tolson Affidavit*" Dkt. 9-1).

2. Previously, Debtor filed a chapter 11 case in April 2010, case number 10-40743-JDP. This lead to a confirmed chapter 11 plan in October 2012 (Dkt. 681 in the 10-40743-JDP case).

### Applicable Law

3. A chapter 11 debtor may, "with the court's approval . . ." employ professionals who do not hold or represent an interest adverse to the bankruptcy estate and are disinterested. 11 U.S.C. §§ 327(a), 1107. Sections 328, 329 and 330 also require disclosure of the employment relationship between a debtor and attorneys and require information adequate for oversight of payment to professionals and use of potential estate funds.

4. Fed. R. Bankr. P. 2014(a) requires that the applicant make the following disclosures:

> . . . to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

5. Professionals, including attorneys for debtors, seeking to be employed bear the burden of demonstrating that they do not hold an adverse interest and are disinterested. *See Official Committee of Unsecured Creditors v. ABC Capital Markets Group (In re Capitol Metals Co., Inc.)*, 228 B.R. 724, 727 (9th Cir. BAP 1998); *Interwest Business Equipment, Inc., v. United States Trustee*, 23 F.3d 311, 317-318 (10th Cir. 1994). The Ninth Circuit Court of Appeals has held that the disclosure requirements of Rule 2014 are to be strictly applied; an applicant must disclose the precise nature of the fee arrangement; and every connection, no matter how trivial it may seem, must be disclosed. *See Neben & Starrett, Inc. v. Chartwell Financial Corp.* (*In re Park-Helena Corp.*), 63 F.3d 877, 881-82 (9th Cir. 1995). The Court, the United States Trustee,

and other parties in interest are entitled to rely on employment applications and the accompanying verified statements. *See Law Offices of Nicholas A. Franke v. U.S. Trustee (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997). The fact that connections or conflicts may be uncovered by the Court or others checking documents in the underlying bankruptcy case or other pending cases does not excuse failure to make full disclosure. *See In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228, 236 (Bankr. E.D. Cal. 1988) ("It is not sufficient that information might be mined from petitions, schedules . . . or other sources.").

## Argument Supporting Objection

6. As noted above, Debtor filed a previous chapter 11 case in April 2010, 10-40743-JDP. In the current (2020) case, the *Employment Application* describes, Mr. Tolson has represented Lon Montgomery[1] in a prior chapter 11 that was "successful." Dkt. No. 9 at 2, ¶ 2. The *Tolson Affidavit* makes a similar statement but describes the prior chapter 11 as "unsuccessful." Dkt. 9-1 at 2, ¶ 2. This creates unnecessary confusion. Additionally, a review of the proceedings in the 2010 case indicates the Leed Corporation was represented by other attorneys as counsel for Debtor in Possession. Mr. Tolson apparently represented Lon Montgomery and witness Rebecca Montgomery at the confirmation hearing and in a motion to quash a subpoena. *See* Dkt. Nos. 615 and 569 in the 10-40743-JDP case.

7. The United States Trustee objects to the *Employment Application* because Mr. Tolson's filings do not establish facts necessary to show that his prior work for Debtor's owner does not create a conflict of interest. Mr. Tolson's connections to the Debtor and its president, Lon Montgomery, are not clear and may even be misleading regarding Mr. Tolson's role in prior success for the Leed Corporation. Not only is Counsel's prior connection to Debtor unclear from

---

[1] President of The Leed Corporation, according to the Petition. Dkt. 1 at 4.

3

the filings, but it is unknown whether there were any amounts still owing to Mr. Tolson from Lon Montgomery for work prior to filing the 2020 chapter 11 Petition. The scant information hinders an analysis of Counsel's disinterestedness and does not satisfy the requirements of LBR 2014.1(a)(2) and Rule 2014(a).

8. Additionally, the *Employment Application* cannot be granted because of significant inconsistencies regarding the arrangement for compensation among the retainer identified in the *Fee Agreement* (Dkt. No. 8 at 1, "$10,000" retainer), the *Disclosure of Compensation* (Dkt. No. 7 at 1, "Flat Fee" of "$15,000"), and the *Employment Application* (Dkt. No. 9 at 2, "$15,000" with an hourly rate of $250). Additionally, the *Fee Agreement* signed on December 4, 2020 does not indicate that the person signing the agreement was doing so in a specific capacity as a representative of the Debtor, and that Debtor (rather than the individual) would be obligated under the fee agreement. *See* Dkt. 8 at 2 and 10. This does not provide clear information regarding the "proposed arrangement for compensation" under LBR 2014.1(a)(1).

9. A provision of the *Fee Application* provides, "Attorney may withdraw from the Trust Account such funds as Attorney may determine and at such times as he may determine for the payment obligations of Client, including obligations owing by Client to Attorney." Dkt. No. 8 at 1, second ¶. This is inconsistent with the procedure for Court approval of compensation set out in 11 U.S.C. § 330. Other provisions in the *Fee Agreement* appear to be inapplicable to chapter 11 representation and may conflict with procedures specific to chapter 11 proceedings.

10. Interested parties should not have to search in other filings. *See In re B.E.S. Concrete Products, Inc.*, 93 B.R. at 236; *In re Lewis*, 113 F.3d at 1045. Counsel was duty bound to disclose clear facts in his Employment Application regarding his connections, potential conflicts of interest, and the employment agreement. *See In re Park-Helena*, 63 F.3d at 880, 882 (attorney

4

must disclose "[a]ll facts that may be pertinent to a court's determination of whether an attorney is disinterested or holds an adverse interest to the estate").

11.	In sum, the *Employment Application* (including the *Disclosure of Compensation* and *Fee Agreement*), as it is, does not allow the United States Trustee or other interested parties to discern Counsel's employment arrangement with Debtor and disinterestedness in compliance with §§ 327-330, Rule 2014, and LBR 2014.1.

For the foregoing reasons, the *Employment Application* should be denied.

Date:	January 25, 2021	GREGORY M. GARVIN
	Acting United States Trustee
	Region 18

	By: /s/ Andrew S. Jorgensen
	ANDREW S. JORGENSEN
	Attorney for the Acting United States Trustee
	Andrew.jorgensen@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2021, I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

David A Coleman on behalf of Creditor c/o David Coleman Western Waste Services, Inc.
david@crctflaw.com

Richard Friess on behalf of Creditor Twin Falls Staffing
friess@thwlaw.com

Matthew W Grimshaw, subchapter V trustee
matt@grimshawlawgroup.com, ID22@ecfcbis.com

Andrew Seth Jorgensen on behalf of U.S. Trustee
andrew.jorgensen@usdoj.gov

Jason Ronald Naess on behalf of U.S. Trustee
Jason.r.naess@usdoj.gov

Sheila Rae Schwager on behalf of Creditor SSP Strategies, Inc.
sschwager@hawleytroxell.com, dsorg@hawleytroxell.com

Steven L Taggart on behalf of Creditor Maynes Taggart PLLC
staggart@maynestaggart.com,
rparson@maynestaggart.com;Taggartoffice01@gmail.com

Aaron J Tolson on behalf of Debtor Leed Corporation (The)
ajt@aaronjtolsonlaw.com

US Trustee
ustp.region18.bs.ecf@usdoj.gov

All CM/ECF registered participants receiving notice in this case, but not reflected herein

Date:  January 25, 2021

                                               /s/ Andrew S. Jorgensen
                                                ANDREW S. JORGENSEN